NOT FOR PUBLICATION                                                CLOSE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Andres Nieves, Sr.,<br><br>                              Plaintiff,<br><br>         v.<br><br>Elizabeth Connolly, Commissioner, New Jersey Department of Human Services; and Valerie Harr, Director, New Jersey Department of Human Services, Division Medical Assistance and Health Services, Christine Hellyer, Supervisor, Morris County Board of Social Services,<br><br>                              Defendants. | **OPINION**<br>Civ. No. 16-1594 (WHW) |

**Walls, Senior District Judge**

      Plaintiff Andres Nieves, Sr. brings this action against representatives of the New Jersey Department of Human Services and Morris County, New Jersey Office of Temporary Assistance (improperly pled as the Morris County Board of Social Services) for the allegedly wrongful imposition of a Medicaid benefit penalty under the "transfer of assets" rule, N.J.S.A. 30:4D-3(i)(15)(b); N.J.A.C. 10:71-4.10(c)(4). Before this Court are three motions filed by Plaintiff and two motions filed by Defendants. Plaintiff moves for (1) an order preliminarily enjoining Defendants from imposing restrictions on the "caregiver child exemption" from the transfer of assets rule, (2) an order consolidating this matter with another action in this District involving similar claims against representatives of the New Jersey Department of Human Services and representatives of the Burlington County Board of Social Services, and (3) an order permitting Plaintiff to amend the complaint to include the assertion of similar claims by two new plaintiffs against the New Jersey Department of Human Services and the Bergen and Cape May County

NOT FOR PUBLICATION                                                    CLOSE

Boards of Social Services, respectively. Defendants oppose Plaintiff's motions and move to dismiss the action on several grounds, including lack of subject matter jurisdiction, because Plaintiff has not actually received the "transfer of assets" penalty he objects to. Decided without oral argument, Fed. R. Civ. P. 78(a), Plaintiff's motions are denied and Defendants' motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Except where noted, the following facts are taken as alleged in Plaintiff's complaint. ECF No. 1. Plaintiff Andres Nieves, Sr. is a 79 year-old resident of Dover, New Jersey who suffered a paralytic stroke in 2002 and is unable to perform activities of "daily living without assistance." *Id.* ¶¶ 1, 5. In 1986, Plaintiff purchased a home in Dover, New Jersey (the "home") with his son, Andres Nieves, Jr. *Id.* ¶ 4. He resided there with Nieves, Jr. until he entered a long-term care facility on March 18, 2015. *Id.* ¶ 3. Plaintiff conveyed full title to the home to Nieves, Jr. by deed dated December 22, 2011. *Id.* ¶ 10.

Between Plaintiff's stroke in 2002 and his 2015 entry into the long-term care facility, Nieves, Jr. provided Plaintiff with care that "enable[d] him to remain at home rather than a skilled nursing facility," including "supervision of medication, nutritional status, and safety." *Id.* ¶¶ 6-7. Nieves, Jr. had a job outside the home at the time and employed private caregivers or enlisted his brother, Edwin Nieves, to provide care to Plaintiff when he worked. *Id.* ¶ 8. When Nieves, Jr. was unable to find outside care, he stayed home from work to care for Plaintiff. *Id.* ¶ 9.

## I.    New Jersey's Medicaid administrative process and "transfer of assets" rule

The federal Medicaid Act, 42 U.S.C. § 1396, *et seq.*, created a cooperative program, jointly financed by states and the federal government, that provides medical assistance to low

NOT FOR PUBLICATION                                                    CLOSE

income individuals. *Wilder v. Virginia Hospital Ass'n*, 496 U.S. 498, 501 (1990); *West Virginia*

*Univ. Hosps., Inc. v. Casey*, 885 F.2d 11, 15 (3d Cir. 1989). Although state participation in the

program is voluntary, states that choose to participate must comply with the provisions of the

Medicaid Act and its accompanying regulations. *Sabree v. Richman*, 367 F.3d 180, 182 (3d Cir.

2004). The Medicaid Act includes financial eligibility requirements and provisions related to the

transfers of assets by certain Medicaid applicants. *Dultz v. Velez*, 726 F. Supp. 2d 480, 483

(D.N.J. 2010). One provision requires states to impose a penalty period of benefit ineligibility on

certain applicants who dispose of assets for less than fair market value less than 36 months (or 60

months if transferring to a trust) before moving into a long-term care facility and applying for

Medicaid benefits. 42 U.S.C. § 1396p(c)(1). An applicant is not subject to this "transfer of

assets" penalty if he transferred the assets to a son or daughter who "was residing in such

individual's home for a period of at least two years immediately before" the individual moved

into a long-term care facility and "who (as determined by the State) provided care to such

individual which permitted such individual to reside at home rather than in" the long-term care

facility. 42 U.S.C. § 1396p(c)(2)(A)(iv) (the "caregiver child exemption").

    New Jersey authorizes its participation in the Medicaid program through the New Jersey

Medical Assistance and Health Services Act ("NJMAHSA"), N.J.S.A. 30:4D-1, *et. seq*. Among

other provisions, the NJMAHSA creates the required "transfer of assets" penalty for Medicaid

applicants, *see* N.J.S.A. 30:4D-3(i)(15)(b); N.J.A.C. 10:71-4.10(c)(4), as well as a "caregiver

child exemption" to the transfer of assets penalty that echoes the requirements of 42 U.S.C. §

1396p(c)(2)(A)(iv) and requires that the care activities provided by the caregiver son or daughter

"exceed[ ] the normal person's support activities." N.J.A.C. 10:71-4.10(d)(4).

3

The New Jersey Division of Medical Assistance and Health Services ("DMAHS"), a division of the New Jersey Department of Human Services ("DHS"), administers the New Jersey Medicaid program. *Dultz*, 726 F. Supp. 2d at 483 (citing N.J.S.A. 30:4D-4; N.J.A.C. § 10:49-1.1(a)). Individuals seeking Medicaid benefits apply through individual county Boards of Social Services, also known as the county Offices of Temporary Assistance ("COTAs"), which review information received from applicants and conduct their own investigations to "determin[e] whether an applicant has met the income and resource eligibility standards." *Id.* (citing N.J.S.A. 30:4D-7a; N.J.A.C. 10:71-3.15, 3.13(a)).

An applicant who is unsatisfied with a COTA's determination may seek a "fair hearing" before an Administrative Law Judge (ALJ) to challenge the ruling, *id.* (citing 42 C.F.R. 431.1; N.J.A.C. 10:49-10.3), may appeal the ALJ's ruling to the Director of the DMAHS, *id.* (citing N.J.A.C. 1:1-18.4(a)), and may appeal the Director's ruling to the New Jersey Superior Court, Appellate Division or raise constitutional claims in either state or federal court under 42 U.S.C. § 1983. *Id.* (citing N.J. Ct. R. 2:2-3(a)(2); *Loigman v. Township Committee of Tp. Of Middletown*, 185 N.J. 566, 578 (N.J. 2006)).

## II.   Plaintiff's Medicaid application and transfer of assets penalty

In June 2015, after moving into the long-term care facility, Plaintiff applied to the Morris County Office of Temporary Assistance ("MCOTA") for Medicaid benefits. P. Mot. Prelim. Injunction, ECF No. 14 at 3. With his application, Plaintiff submitted certifications from Andres Nieves, Jr.; Edwin Nieves; Hank Klansman, Nieves, Jr.'s employer; and Dr. Mark Quadrel, Plaintiffs' physician, all stating that Nieves, Jr. had lived with Plaintiff and had provided him with care that permitted him to reside at home rather than in a long-term care facility in the years before Plaintiff entered the facility.  ECF No. 1 ¶ 21; *see also* ECF No. 14 Ex. B (certifications).

These documents were intended to demonstrate that Plaintiff's 2011 transfer of full title of his home to Nieves, Jr. was exempt from any transfer of assets penalty because Nieves, Jr. was a "caregiver child" for the purposes of 42 U.S.C. § 1396p(c)(2)(A)iv and N.J.A.C. 10:71-4.10(d)(4). ECF No. 1 ¶ 21.

On November 16, 2015, the MCOTA issued a determination, mailed on January 4, 2016, that Plaintiff was eligible for Medicare benefits. The MCOTA also imposed a 954-day penalty for the 2011 transfer of Plaintiff's home to Nieves, Jr. under the transfer of assets rule. ECF No. 1 ¶¶ 11-12, 14; *see also* ECF No. 14 Ex. C (determination letter).

Plaintiff eventually discovered that the MCOTA had declined to apply the "caregiver child exemption" to the transfer of his home to Nieves, Jr. Plaintiff attaches to his opposition to the State Defendants' motion to dismiss an August 19, 2015 email from Usha Thenappan, an employee at the MCOTA, to Robin Schwartz of the law firm Schwartz Hunter, P.C. explaining that, "[u]pon further clarification from the State, the care giver child exemption exists if only, the care giver child was unemployed for 2 years prior to the application and was the sole care giver" and stating that Nieves, Jr. did not meet these requirements. P. Opp. Mot. Dismiss, ECF No. 30 Ex. A. Plaintiff also attaches to his complaint another undated email from Thenappan to Schwartz explaining that the MCOTA imposed the transfer of assets penalty on Plaintiff after determining that Nieves, Jr. did not qualify for the "caregiver child exemption" to the transfer of assets rule. ECF No. 1 ¶ 13; ECF No. 1 Ex. B. The email explains that "the states interpretation of [N.J.S.A. 10:71-4.10(d)4] is that if Nursing Home level of care is needed , *only one child* is responsible for care giving and in order to give that level of care *the child cannot be employed* for 2 years immediately before the date the individual became institutionalized or institutional level of care needed." ECF No. 1 Ex. B (emphasis added).

NOT FOR PUBLICATION                                                    CLOSE

Counsel for Plaintiff wrote a letter to the MCOTA on January 6, 2016 seeking further explanation for the imposition of the transfer of assets penalty and arguing that "nowhere in the definition of a caregiver child does it require that child be unemployed or available 24/7 to perform the services," *see* ECF No. 1 Ex. A, but Plaintiff did not receive a response. ECF No. 1 ¶ 15. According to the State Defendants, Plaintiff then requested a fair hearing with an ALJ to challenge the MCOTA's imposition of the transfer of assets penalty. *See* DMAHS transmittal of request for fair hearing, Cert. Kay R. Ehrenkrantz in Supp. D. Mot. Dismiss, ECF No. 27-4 Ex. A. A hearing was scheduled for April 28, 2016. *See* New Jersey Office of Administrative Law Notice of Hearing, ECF No. 27-4 Ex. A at 7.

## III.   The Complaint

On March 18, 2016, Plaintiff filed a complaint in this Court against Defendants Elizabeth Connolly, in her capacity as Commissioner of the New Jersey Department of Human Services, Valerie Harr, in her capacity as Director of the New Jersey Department of Human Services, Division Medical Assistance and Health Services (collectively, the "State Defendants"), and Christine Hellyer, in her position as Supervisor of the MCOTA (improperly pled as the Morris County Board of Social Services). ECF No. 1. Plaintiff brings three causes of action, all of which stem from the same argument: that the MCOTA's "interpretation" of the caregiver child exemption to the Medicaid program's transfer of assets rule, namely the requirement that a caregiver child be a Medicaid applicant's only caregiver and be unemployed for two years before the applicant's institutionalization to qualify for the exemption, is unsupported by federal or state law. *Id.* Plaintiff alleges that (a) Defendants violated the Medicaid Act and the Due Process Clause of the Fourteenth Amendment of the United States Constitution by failing to state the "interpretation" of the caregiver child exemption that justified denying the exemption to Nieves,

6

NOT FOR PUBLICATION                                                    CLOSE

Jr. in the MCOTA's initial letter imposing the transfer of assets penalty, *id.* ¶¶ 26-27; (b)

Defendants violated the Medicaid Act, the Supremacy Clause of the Constitution, and 42 U.S.C.

§ 1983 by using a state law method to assess benefit eligibility that is more restrictive than

federal eligibility methodology, *id.* ¶¶ 28-29; and (c) Defendants violated the Medicaid Act and

Due Process Clause by failing to properly process Plaintiffs' benefits application because they

created an "unfair classification of individuals incapable of utilizing" the caregiver child

exemption.[1] *Id.* ¶¶ 30-31.

 Plaintiff seeks an order permanently enjoining Defendants from interpreting the federal

and state caregiver child exemptions to the transfer of assets rule to require that a caregiver child

(a) be the *only* caregiver for an applicant and (b) be otherwise unemployed for the two years

before the applicant's institution. *Id.* at 8. Plaintiff also seeks an order requiring Defendants to

reprocess his Medicaid application without imposing a transfer of assets penalty, as well as an

award of attorneys' fees and costs under 42 U.S.C. § 1983 and 1988. *Id.*

## IV. Plaintiff's motion for a preliminary injunction

 Plaintiff withdrew his application for a fair hearing before an ALJ on April 8, 2016,

noting that he had filed an action against Defendants in this Court addressing the same issues.

ECF No. 27 Ex. A at 9.

 On May 24, 2016, Plaintiff filed a motion for a preliminary injunction in this Court

seeking to enjoin the Defendants from interpreting the caregiver child exemptions to the transfer

of assets rule to require that a caregiver child (a) be the *only* caregiver for an applicant and (b) be

otherwise unemployed for the two years before the applicant's institution. ECF No. 14. Plaintiff

---

[1] Plaintiff appears to bring the third cause of action under the Equal Protection Clause of the
Fourteenth Amendment as well.

NOT FOR PUBLICATION                                                                CLOSE

claims he is likely to prevail in this case and will suffer permanent harm if Defendants are not

required to immediately reverse their "caregiver child" position. *Id*. 8-9. Plaintiff filed a letter

brief in further support of his motion for a preliminary injunction on July 25, 2016. ECF No. 36.

### V.    The MCOTA's redetermination of Plaintiffs' benefits and Defendants' motions to dismiss

On June 3, 2016, the MCOTA issued a letter to Plaintiff stating that it was "rescinding

the prior November 16, 2015 denial of the caregiver exemption and placing Mr. Nieves'

Medicaid application back into pending status." MCOTA Redetermination Letter, ECF No. 27

Ex. A at 10. The Letter explained that "[p]rior communication regarding the interpretation of the

exemption was inaccurate and is not the policy of the agency" and requested further information

from Plaintiff in order to process his Medicaid application. *Id*.

On June 17, 2016, the MCOTA issued a determination that the "Caregiver exemption has

been approved" with respect to Nieves, Jr. and that Plaintiff is retroactively eligible for benefits

without a transfer of assets penalty. ECF No. 27 Ex. A at 12.

On July 1, 2016, the State Defendants filed a motion to dismiss Plaintiff's complaint for

lack of subject matter jurisdiction. ECF No. 27. The State Defendants argue that, because the

MCOTA granted Plaintiff the Medicaid benefits he sought and withdrew any interpretation of

the caregiver child exemption requiring that a child be the Medicaid applicant's sole caregiver

and be unemployed, Plaintiff does not present a justiciable case or controversy. *Id*. at 8. The

State Defendants also argue that the complaint must be dismissed against them because they are

and were unable to grant the relief sought in Count One of the complaint and are statutorily

immune from Counts Two and Three. *Id*. at 9-10. Alternatively, the State Defendants argue that

the complaint must be dismissed against them for failure to state a claim because Plaintiff does

NOT FOR PUBLICATION                                                    CLOSE

not allege that the State Defendants have taken any individual actions "other than hold

employment as DHS officials." *Id.* at 18-20.

Defendant Hellyer, in her position as Supervisor of the MCOTA, filed a motion to

dismiss on July 11, 2016. ECF No. 31. Defendant Hellyer incorporates the brief and arguments

filed by the State Defendants in support of their motion to dismiss. *Id.* at 2.

**VI.     Plaintiff's motion to consolidate and motion to amend complaint**

On July 11, 2016, Plaintiff filed an opposition to the State Defendants' motion to dismiss,

arguing that a justiciable case or controversy exists between him and the State Defendants

because the State Defendants were responsible for the MCOTA's interpretation of the caregiver

child exemption and because the allegedly unlawful policy is still "being imposed State wide."

ECF No. 30 ¶ 3.

On July 12, 2016, Plaintiff filed a motion to consolidate this matter and *Fisher v. Velez*,

another matter pending in this District involving similar claims by a plaintiff against the State

Defendants and representatives of the Burlington County Board of Social Services for the

allegedly wrongful denial of the caregiver exemption and imposition of transfer of assets

penalties. ECF No. 32 (citing *Fisher v. Velez*, Civ. No. 16-cv-720 (D.N.J. Feb. 9, 2016)).

Defendant Hellyer filed a letter brief in opposition on July 25, 2016, arguing that this Court does

not have subject matter to consider Plaintiff's motion because Plaintiff does not allege a

justiciable case or controversy. ECF No. 37. The State Defendants filed a brief in opposition on

August 1, 2016, arguing that consolidation is unwarranted because the cases are factually distinct

and because Plaintiff Nieves's claim is moot. ECF No. 39. Plaintiff submitted a letter brief in

further support of his motion to consolidate on August 12, 2016. ECF No. 42.

NOT FOR PUBLICATION                                                      CLOSE

On July 20, 2016, Plaintiff filed a motion to amend the complaint, seeking to incorporate similar claims by prospective plaintiffs Elizabeth D. Williams and Lillian O. Kupiszewski against the State Defendants and representatives for the Boards of Social Services for Morris County and Cape May County, respectively, for the allegedly wrongful denial of the caregiver exemption and imposition of transfer of assets penalties. ECF No. 35. Defendant Hellyer filed a letter brief in opposition on July 25, 2016, arguing again that this Court does not have subject matter to consider Plaintiff's motion because Plaintiff does not allege a justiciable case or controversy. ECF No. 37. The State Defendants filed a letter brief in opposition on August 1, 2016, arguing that Plaintiff's proposed amendment would be futile because his own claims would still be moot. ECF No. 40. Plaintiff submitted a letter brief in further support of his motion to amend the complaint on August 12, 2016. ECF No. 43.

The Court now addresses (a) whether to dismiss the complaint for lack of subject matter jurisdiction, as challenged by Defendants, (b) whether to grant Plaintiff's motion for a preliminary injunction, (c) whether to consolidate this matter with *Fisher v. Velez*, Civ. No. 16-cv-720, and (d) whether to grant Plaintiff's motion to amend the complaint.

## STANDARD OF REVIEW

### I.    Motion to dismiss for lack of subject matter jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution." *Cohen v. Kurtzman*, 45 F. Supp. 2d 423, 429 (D.N.J. 1999) (citing U.S. Const. art. III, § 2; cases). "Unless affirmatively demonstrated, a Federal court is presumed to lack subject matter jurisdiction." *Id.* "When subject matter jurisdiction is challenged

under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Hedges v. United States*,

404 F.3d 744, 750 (3d Cir. 2005) (quoting *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406,

1409 (3d Cir. 1991)).

A district court may treat a Rule 12(b)(1) motion as either a facial challenge or a factual

challenge to the court's subject matter jurisdiction. *Gould Electronics Inc. v. United States*, 220

F.3d 169, 176 (3d Cir. 2000). On a facial challenge, the court "must only consider the allegations

of the complaint and documents referenced therein and attached thereto," *id.*, and must accept

the allegations of the complaint as true. *Mortenstern v. First Fed. Sav. & Loan Ass'n*, 549 F.2d

884, 891 (3d Cir. 1977). In reviewing a factual challenge, the court may consider evidence

outside the pleadings, *Gould Electronics*, 220 F.3d at 176, and "may not presume the truthfulness

of plaintiff's allegations, but rather must 'evaluat[e] for itself the merits of [the] jurisdictional

claims.'" *Hedges*, 404. F.3d at 750 (citing *Mortenstern*, 549 F.2d at 891).

## II.    Motion for a preliminary injunction

Federal Rule of Civil Procedure 65 "empowers courts to grant preliminary injunctions."

*Doe v. Banos*, 713 F. Supp. 2d 404, 410 (D.N.J.) *aff'd*, 416 Fed App'x 185 (3d Cir. 2010).

"Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited

circumstances.'" *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)

(quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427

(3d Cir. 1994)). "A plaintiff seeking a preliminary injunction must establish that he is likely to

succeed on the merits, that he is likely to suffer harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." *Ferring*

*Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc.*, 765 F.3d 205, 210 (3d Cir. 2014)

(quoting *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008)). With regard

NOT FOR PUBLICATION                                                    CLOSE

to the second prong, "where the relief ordered by the preliminary injunction is mandatory and

will alter the status quo, the party seeking the injunction must meet a higher standard of showing

irreparable harm in the absence of an injunction." *Bennington Foods LLC v. St. Croix*

*Renaissance, Group, LLP*, 528 F.3d 176, 179 (3d Cir. 2008) (citing *Tom Doherty Associates, Inc.*

*v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2nd Cir. 1995)). "The burden lies with the

[movant] to establish every element in its favor, or the grant of a preliminary injunction is

inappropriate." *P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428

F.3d 504, 508 (3d Cir. 2005) (citations omitted).

### III.    Motion to consolidate

Federal Rule of Civil Procedure 42 allows a party to move to consolidate cases that share

common issues of law and fact. Fed. R. Civ. P. 42(a)(2); *see also Nanavati v. Burdette Tomlin*

*Memorial Hosp.*, 857 F.2d 96, 103 n.3 (3d Cir. 1988) (consolidation is appropriate where there

are actions involving common questions of law or fact). Local Civil Rule 42.1 allows for

consolidation of cases into the earliest filed action, and any motion to consolidate shall be heard

by the Court presiding over that action. L. Civ. R. 42.1 The purpose of consolidation is "to

streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent

conflicting outcomes in cases involving similar legal and factual issues." *In re TMI Litig.*, 193

F.3d 613, 724 (3d Cir. 1999). "The mere existence of common issues, however, does not require

consolidation," *Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80-81

(D.N.J. 1993) (citations omitted), and "the decision to consolidate rests in the sound discretion of

NOT FOR PUBLICATION                                                    CLOSE

the district court." *In re Consolidated Parlodel Litig.*, 182 F.R.D. 441, 444 (D.N.J. 1998) (citing

*Liberty Lincoln Mercury*, 149 F.R.D. at 80).

## IV.    Motion for leave to amend a complaint

Under Federal Rule of Civil Procedure 15(a), once a response to a party's pleading is

served, that pleading may be amended only by leave of court or by written consent of the adverse

party. Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so

requires." Fed. R. Civ. P. 15(a). A general presumption exists in favor of allowing a party to amend

its pleadings. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). Leave to amend

a complaint should be granted freely in the absence of undue delay or bad faith on the part of the

movant as long as the amendment would not be futile and the opposing party would not suffer

undue prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jang v. Boston Scientific Scimed,

Inc.*, 729 F.3d 357, 367 (3d Cir. 2013) (citation omitted). "Futility means that the complaint, as

amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v.

Dammann & Co., Inc.*, 594 F.3d 238, 243 (3d Cir. 2010) (quoting *In re Burlington Coat Factory

Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir.1997)) (further citation omitted).

"[A] refusal of a motion for leave to amend must be justified," *Riley v. Taylor*, 62 F.3d 86,

90 (3d Cir. 1995), and the Third Circuit has identified the following as permissible justifications:

"(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4)

repeated failures to correct deficiencies with previous amendments; and (5) futility of the

amendment." *Id.* (citing *Foman*, 371 U.S. at 182). "Amendment of the complaint is futile if the

amendment will not cure the deficiency in the original complaint or if the amended complaint

cannot withstand a renewed motion to dismiss." *Jablonski v. Pan Am. World Airways, Inc.*, 863

F.2d 289, 292 (3d Cir. 1988). For that reason, the Court applies the "plausibility" standard which

NOT FOR PUBLICATION                                                         CLOSE

applies to motions to dismiss under Rule 12(b)(6), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**DISCUSSION**

**I.   Defendants' motions to dismiss**

   **A.  The Court dismisses the entire complaint as moot.**

   Defendants[2] move to dismiss this case for lack of subject matter jurisdiction, arguing, in

part, that the MCOTA's June 17, 2016 determination that Plaintiff's property transfer to Nieves,

Jr. fell within the caregiver child exemption to the transfer of assets rule rendered the case moot.

ECF No. 27 at 8-9. The Court agrees.

   "Article III, Section 2 of the Constitution limits the jurisdiction of federal courts to

'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving the legal

rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct.

1523, 1528 (2013) (quoting *Valley Forge Christian College v. Americans United for Separation

of Church and State, Inc.*, 454 U.S. 464, 471 (1982) (internal quotations omitted)). "This

requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role

of adjudicating actual and concrete disputes, the resolutions of which have direct consequences

on the parties involved." *Id.*; *see also Wyatt, Virgin Islands, Inc. v. Virgin Islands*, 385 F.3d 801,

806 (3d Cir. 2004) ("The controversy must be definite and concrete, touching the legal relations

of parties having adverse legal interests. It must be a real and substantial controversy admitting

of specific relief through a decree of conclusive character, as distinguished from an opinion

advising what the law would be upon a hypothetical state of facts.") (quotation omitted).

---

[2] As discussed, Defendant Hellyer incorporates the arguments of the State Defendants. *See* ECF
No. 31 at 1.

Importantly, "an actual controversy must be extant at all stages of review, not merely at the time

the complaint is filed." *Genesis Healthcare Corp.*, 133 S. Ct. at 1528 (quoting *Arizonans for*

*Official English v. Arizona*, 520 U.S. 395, 401 (1975)). "If an intervening circumstance deprives

the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the

action can no longer proceed and must be dismissed as moot." *Id.* (quoting *Lewis v. Continental*

*Bank Corp.*, 494 U.S. 472, 477-78 (1990)). "[M]ootness has two aspects: (1) the issues presented

are no longer 'live' or (2) the parties lack a cognizable interest in the outcome." *New Jersey*

*Turnpike Authority v. Jersey Cent. Power and Light*, 772 F.2d 25, 31 (3d Cir. 1985) (citing

*United States Parole Commission v. Geraghty*, 445 U.S. 388, 396 (1980)).

Courts make an exception to the general mootness doctrine for disputes that are "capable

of repetition yet evading review." *Id.* (citing *Nebraska Press Association v. Stuart*, 427 U.S. 539,

546 (1976)). A "matter is not necessarily moot simply because the order attacked has expired" if

"(1) the challenged action was in its duration too short to be fully litigated prior to its cessation

or expiration, and (2) there is a reasonable expectation that the same complaining party would be

subjected to the same action again." *Id.* (citations omitted). Both of these conditions must be met

to save a case from mootness. "Therefore, even in injunction cases, the cessation of the conduct

complained of makes the case moot if subsequent events make clear that the wrongful behavior

could not be reasonably expected to recur – even where the offending conduct, by its nature,

evades review." *Id.* (citations omitted).

Plaintiff Nieves brings three causes of action, all based on the argument that Defendants'

interpretation of the state Medicaid caregiver child exemption is unlawful, and seeks three forms

of relief: (a) an order enjoining Defendants from interpreting the Medicaid caregiver child

exemption to require that a child be the applicant's sole caregiver and be unemployed for two

NOT FOR PUBLICATION                                                              CLOSE

years prior to the applicant's institutionalization, (b) an order requiring Defendants to

redetermine Plaintiff's Medicaid application in accordance with the new statutory interpretation,

and (c) an award of attorneys' fees and costs. ECF No. 1 at 8.

      Defendants argue, correctly, that Plaintiff does not present a justiciable case or

controversy. Plaintiff's first claim for relief is moot because the MCOTA[3] issued a letter on June

3, 2016 stating that it does *not* interpret the federal or state caregiver child exemptions to require

that the child be the sole caregiver or unemployed for two years before an applicant's

institutionalization. *See* ECF No. 27 Ex. A at 10. There is no "real and substantial controversy"

between Plaintiff and Defendants, *Wyatt, Virgin Islands, Inc.*, 385 F.3d at 806, because the

Parties do not hold opposing interpretations of the state or federal statutes in question.

      Plaintiff suggests that Defendants' "unlawful *ad hoc* policy is not cured by the June 7

[sic], 2016 approval of the Nieves individual application" because Defendants continue to

interpret the statutes unlawfully when processing other Medicaid applications. ECF No. 30 ¶ 2.

---

[3] The State Defendants observe correctly that, because Plaintiff canceled his appeal of the MCOTA's Medicaid benefits determination before his fair hearing date, *see* ECF No. 27 Ex. A at 9, the MCOTA is the *only* entity that imposed a transfer of assets penalty on Plaintiff or engaged in the allegedly unlawful interpretation of the child caregiver exemption with respect to Plaintiff. ECF No. 27 Ex. A at 9. Although Plaintiff claims that the MCOTA reached its initial determination after consulting with the State, *see* ECF No. 30 Ex. A, the State Defendants did not issue a formal interpretation of the child caregiver exemption with respect to Plaintiff or impose a transfer of assets penalty on Plaintiff. ECF No. 27 at 13-14. It follows that, regardless of the MCOTA's reversal of its determination, Plaintiff's action against the State Defendants must be dismissed for lack of subject matter jurisdiction; at no point during the pendency of this action has there been a justiciable case or controversy between Plaintiff and the State Defendants. *See Lewis v. Rendell*, 501 F. Supp. 2d 671, 682 (E.D. Pa. 2007) (Case or controversy existed between plaintiffs challenging allegedly unlawful Pennsylvania Medicaid statute and defendant Secretary of Department of Public Welfare because Secretary had "issued at least one formal statement of claim" demanding funds from a Plaintiff under allegedly unlawful statute; but case or controversy did not exist between plaintiffs and defendant Governor of Pennsylvania because Governor's responsibility for "ensuring the execution of all laws" was insufficient, on its own, "to establish that he has enforced or threatened to enforce" the allegedly unlawful statute.).

NOT FOR PUBLICATION                                              CLOSE

Plaintiff's motion to consolidate and motion to amend the complaint support this argument,

incorporating the allegations of other individuals who claim they were wrongfully denied

caregiver child exemptions and penalized under the transfer of assets rule. *See* ECF No. 32 ¶ 5

(*Fisher* complaint "recites facts common to plaintiff Nieves, and demands for judgment common

to plaintiff Nieves"); Proposed Amended Complaint, ECF No. 35-1 ¶¶ 15-41 (similar allegations

by prospective plaintiff Elizabeth Williams against State Defendants and Cape May County

Board of Social Services), ¶¶ 42-50 (similar claims by Lillian O. Kupiszewski against State

Defendants and Bergen County Board of Social Services).

    Importantly, though, Plaintiff "lack[s] a cognizable interest in the outcome" of cases

involving separate Medicaid applicants, *New Jersey Turnpike Authority*, 772 F.2d at 31, because

the other cases do not "have direct consequences on" Plaintiff. *Genesis Healthcare Corp.*, 133 S.

Ct. at 1528. The Court lacks subject matter jurisdiction over Plaintiff's first claim for relief.

    Plaintiff's second claim for relief is moot because Plaintiff has already been granted the

"redetermination" he seeks: the MCOTA issued a determination on June 17, 2016 that the

caregiver child exemption protects Plaintiff's 2011 transfer of the title of his home to Nieves, Jr.

and that Plaintiff is not subject to a transfer of assets penalty. *See* ECF No. 27 Ex. A at 12.

    Neither of Plaintiff's first two claims for relief is "capable of repetition yet evading

review." *New Jersey Turnpike Authority*, 772 F.2d at 31. The MCOTA has expressly withdrawn

its initial, allegedly unlawful interpretation of the caregiver child exemption and has given

Plaintiff the Medicaid benefits he seeks, and the State Defendants have not had and will not have

an opportunity to review the MCOTA's decision. Plaintiff has made no showing that he owns

any other assets that could lead Defendants to impose another transfer of assets penalty, nor has

he made any showing that he will need to apply for Medicaid benefits again in the future. There

is no "reasonable expectation that the same complaining party," Plaintiff Nieves, will be subject to the same allegedly unlawful denial of benefits again. *Id.*

The Court will also dismiss Plaintiff's third claim for relief, which seeks attorneys' fees and costs. A party seeking attorneys' fees under 42 U.S.C. § 1988(b) must be a "prevailing party," one that has "either obtained a judgment on the merits" or obtained a favorable settlement "that is expressly enforced by the court through a consent decree." *A.P. Boyd, Inc. v. Newark Public Schools*, 44 Fed App'x 569, 573 (3d Cir. 2002) (finding that a party whose claims were dismissed as moot had not prevailed on the merits). It is irrelevant that Plaintiff obtained the relief he sought voluntarily. "[W]here a party has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct, the plaintiff is not a 'prevailing party.'" *Truesdell v. Philadelphia Housing Authority*, 290 F.3d 159, 164 n.3 (3d Cir. 2002) (citing *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 605 (2001)). Plaintiff has obtained neither a judgment on the merits nor a consent decree, so he is not entitled to attorneys' fees or expenses.

The Court lacks subject matter jurisdiction over all three claims on Plaintiff's complaint and grants Defendants' motions to dismiss the complaint.

**B.  The Court need not decide the State Defendants' remaining arguments.**

The State Defendants also argue that Plaintiff's claims against them must be dismissed because the State of New Jersey has qualified immunity from federal statutory and constitutional claims under the Eleventh Amendment to the Constitution, and because Plaintiff seeks retroactive and monetary forms of relief that fall outside the limited qualified immunity waiver for suits against state officials created by *Ex Parte Young*, 309 U.S. 123, 155-56 (1908). ECF No.

NOT FOR PUBLICATION                                                              CLOSE

27 at 15-18. Having already determined that this Court lacks subject matter jurisdiction over this action, the Court need not decide these issues.

**II.      The Court denies Plaintiff's motion for a preliminary injunction.**

Because the Court lacks subject matter over this action, "the action can no longer proceed." *Genesis Healthcare Corp.*, 133 S. Ct. at 1528. The Court has no authority to consider Plaintiff's claim for a motion for preliminary injunction and denies the motion.

**III.     The Court denies Plaintiff's motion for consolidation**

For the same reason, the Court has no jurisdiction over Plaintiff's motion for consolidation and must deny the motion. Plaintiff argues, nevertheless, that Defendants' "mootness argument is itself mooted" by his motions to consolidate and amend the complaint. ECF No. 36 at 2. Plaintiff is incorrect.

To repeat, federal courts "have limited jurisdiction and are permitted to adjudicate cases and controversies only as permitted under Article III of the Constitution." *Cohen*, 45 F. Supp. 2d at 429. A justiciable case or controversy exists only if a plaintiff has a "personal stake in the outcome of the lawsuit" throughout the duration of litigation. *Genesis Healthcare Corp.*, 133 S. Ct. at 1528. In a non-collective action, a court lacks subject matter jurisdiction over the moot claim of a party without a "personal stake" in the outcome even if it retains subject matter jurisdiction over the claims of parties who do have a personal stake in the outcome of the action. *See Honig v. Doe*, 484 U.S. 305, 318 (1988) (holding that action brought by two plaintiffs to enforce provisions of Education of the Handicapped Act ("EHA") was moot with respect to one plaintiff who was no longer eligible for benefits under the EHA but was not moot with respect to other plaintiff who remained potentially eligible for benefits); *see also Genesis Healthcare Corp.*, 133 S. Ct. at 1529-30 (holding that the Court lacked subject matter jurisdiction over

19

NOT FOR PUBLICATION                                                          CLOSE

respondent's moot Fair Labor Standards Act ("FLSA") claim even though the FLSA authorized

her to bring an action on behalf of "other employees similarly situated" and her complaint

contained collective-action allegations for parties whose claims were presumably not moot,

because respondent had not yet moved to certify a collective action at the time her personal claim

became moot). It follows that, even if Plaintiff's action and the *Fisher* action involve "common

issues of law and fact," Fed. R. Civ. P. 42(a)(2), this Court still lacks subject matter jurisdiction

over Plaintiff Nieves's claims.[4]

     To the extent Plaintiff would argue that, in the absence of subject matter jurisdiction over

his claim, the Court should exercise supplemental jurisdiction, this argument fails. It is

established that, "once a court has original jurisdiction over some claims in the action, it may

exercise supplemental jurisdiction over additional claims that are part of the same case or

controversy." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005). To

repeat, though, Plaintiff's claims are moot: they are not part of a case or controversy at all.

     To the extent the Court has power to consider Plaintiff's motion for consolidation despite

the mootness of Plaintiff's claims, the Court exercises its discretion and denies the motion. *In re*

*Consolidated Parlodel Litig.*, 182 F.R.D. at 444.[5] Consolidation would serve no real purpose.

---

[4] This Court need not decide whether it would have subject matter jurisdiction over the claims of
Plaintiff Fisher because, as explained, this issue has no bearing on the Court's subject matter
jurisdiction over Plaintiff Nieves's claims.

[5] In any event, this motion to consolidate is filed in the improper case. Local Rule 42.1 directs
parties seeking consolidation of cases within this District to file a motion to consolidate in the
case "bearing the earliest docket number." L. R. Civ. 42.1. Despite Plaintiff's claim that the
complaint in *Fisher*, Civ. No. 16-720, "was filed in Trenton and served on the various State and
County defendants on or about June 15, 2016," ECF NO. 32 at 2, the complaint in *Fisher* was
actually filed on February 9, 2016, *see* Complaint, *Fisher v. Velez*, Civ. No. 16-720, ECF No. 1
(D.N.J. Feb. 9, 2016), and *Fisher* bears an earlier docket number than this matter does.

## IV.     The Court denies Plaintiff's motion to amend his complaint

For the same reasons, the Court denies Plaintiff's motion to amend the complaint. The Court lacks subject matter jurisdiction over Plaintiff's claims. To the extent it may still consider the motion to amend, the Court finds that amendment of the complaint would be futile for Plaintiff Nieves. As explained, "[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Travelers Indem. Co.*, 594 F.3d at 243. Assuming, without deciding, that the Court would have subject matter jurisdiction over the claims of prospective plaintiffs Williams and Kupiszewski, it *still* would have no subject matter jurisdiction over the claims of Plaintiff Nieves and *still* would be unable to grant him relief. *See Honig*, 484 U.S. at 318. Prospective plaintiffs Williams and Kupiszewski may file their own actions,[6] but Plaintiff Nieves may not piggyback off of their claims when his own are non-justiciable.

CONCLUSION

The Court grants the Defendants' motions to dismiss this action without prejudice for lack of subject matter jurisdiction. The Court denies Plaintiff's motion for a preliminary injunction, motion to consolidate, and motion to amend. An appropriate order follows.

DATE: 17 August w/c

William H. Walls
Senior United States District Court Judge

---

[6] Again, the Court reserves judgment on the merits of their prospective claims and whether those claims may be properly brought in federal court.

21